UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

VERNON KEVIN MILLER,

        Plaintiff,                          Case No. 2:16-cv-223

v.                                          Honorable Gordon J. Quist

HEIDI WASHINGTON, et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Vernon Kevin Miller, a state prisoner currently confined at the Marquette Branch Prison (MBP), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against

Defendants MDOC Director Heidi Washington, Warden Catherine Bauman, MDOC Electrician Paul Britton, and MDOC Corrections Officer Joseph Perala. Plaintiff alleges that on March 31, 2014, he arrived at the Alger Correctional Facility (LMF) and was housed in cell B-137 of Birch Unit, which is a segregation unit. When Plaintiff entered the cell, he noticed that it was very dirty, that there were cleaning supplies next to the toilet, and that there were two holes in the walls with a coaxial cable in one of them and three electric wires with black tape on them in the other. Plaintiff told the officer who brought his lunch tray about the wires that were visible in the holes on the wall. The officer responded that maintenance had already been informed and that there was a work order on it. Later that day, the officer gave Plaintiff a cell inventory checklist, which Plaintiff filled out. Plaintiff specifically noted on the form that there were no plastic or metal covers over the holes in the wall.

On April 3, 2014, Plaintiff again complained about the condition of his cell. An officer brought Plaintiff a cell inventory checklist, which Plaintiff refused to fill out because it did not have his correct prisoner number on it. No one ever came to fix the lights or the holes in the wall. Plaintiff's request for a grievance form was denied by Corrections Officers Jaykka and Phillipson. On April 11, 2014, Plaintiff wanted to know if the wires were active electric wires and states that while he was testing the wires, a fire started which almost resulted in Plaintiff's death.

Plaintiff was charged with arson and on November 6, 2014, had a competency hearing and a preliminary examination regarding Plaintiff's arson charge. During the preliminary examination, Defendant Perala testified that it is not protocol at the prison to place a prisoner in a cell with exposed wiring. Defendant Perala also testified during the preliminary examination that plastic or metal outlet covers could have been flushed down the toilet. No plastic or metal outlet covers were ever found.

Defendant Britton signed a statement that there was no electric power in the cell at the time of the fire because there was no outlet and the wires were taped off. Defendant Britton also testified that some cells do not have electricity available because the prisoner is on loss of privileges or does not own a television or other electronic device. Plaintiff states that Defendant Britton's statement is clearly false, because if there was no electricity in Plaintiff's cell, no fire could have been started.

Plaintiff states that in his state criminal case, he had been planning to go to trial on the arson charge, but his attorney belatedly filed a request for a fire expert. The trial court denied the request, as well as Plaintiff's motion to adjourn the trial, on November 25, 2015. Consequently, Plaintiff pleaded guilty to the charge. Plaintiff claims that Defendants Bauman and Washington are ultimately responsible for the conditions in Plaintiff's cell.

Plaintiff seeks a declaratory judgment stating that the conditions of Plaintiff's confinement violated his constitutional rights. Plaintiff also seeks compensatory and punitive damages against Defendants for the "7 years and 3 months to 20 years maximum time [Plaintiff must] serve now" because of Defendants' actions.

**Discussion**

I.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

Case 2:16-cv-00223-GJQ-TPG   ECF No. 4 filed 11/10/16   PageID.52   Page 4 of 6

do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that he was improperly charged and convicted with arson because the conditions in his cell made it possible for him to start the fire. Plaintiff seeks damages for the sentence he received. The federal courts are courts of limited jurisdiction, and Plaintiff has the burden of proving the Court's jurisdiction. *United States v. Horizon Healthcare*, 160 F.3d 326, 329

(6th Cir. 1998). Even where subject matter jurisdiction is not raised by the parties, the Court must consider the issue *sua sponte*. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998); *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 189 (6th Cir. 1993).

This Court lacks subject matter jurisdiction over Plaintiff's claims. A federal district court has no authority to review final judgments of state-court judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). A loser in the state court may not be heard in the federal district court on complaints of injuries by a state-court judgment rendered before the federal proceeding commenced. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker–Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009) (internal quotation marks omitted). In this case, Plaintiff states that he wishes to be compensated for the prison sentence he received as a result of his arson conviction. Therefore, the claims asserted in Plaintiff's complaint are barred by the *Rooker–Feldman* doctrine.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

        This is a dismissal as described by 28 U.S.C. § 1915(g).

        A Judgment consistent with this Opinion will be entered.


Dated:  November 10, 2016                        /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE